# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60589
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2014

Lyle W. Cayce
Clerk

JUAN FERNANDO VILLALON-RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 327 003

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Fernando Villalon-Rodriguez, a native and citizen of Mexico, was initially ordered removed in 2009 on the basis that he previously was convicted of an aggravated felony and of two crimes involving moral turpitude that did not arise out of a single scheme of criminal misconduct. In 2011, he returned to the United States without authorization, and the Department of Homeland Security determined that he was subject to removal through reinstatement of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60589

the 2009 order of removal.  Villalon-Rodriguez filed a petition for review of the reinstatement order.

Reinstatement of a deportation order constitutes a final order and, thus, a petition for review from that order must be filed within 30 days.  *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 295 (5th Cir. 2002); 8 U.S.C. § 1252(b)(1). A timely petition for review is a jurisdictional requirement.  *Stone v. INS*, 514 U.S. 386, 405 (1995); *see Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

The record supports, and Villalon-Rodriguez does not dispute, that his petition for review was filed more than 30 days after the reinstatement notice was issued.  Thus, his petition for review is untimely, and we lack jurisdiction. *See Stone,* 514 U.S. at 386*; Ojeda-Terrazas*, 290 F.3d at 295; § 1252(b)(1).

DISMISSED  FOR  LACK  OF  JURISDICTION;  MOTION  TO  FILE REPLY BRIEF OUT OF TIME DENIED.